UNITED STATES DISTRICT COURT
WESTERN DIVISION OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BLAINE PONTIFF | CIVIL ACTION NO. 6:13-cv-02635 |
| VERSUS | JUDGE DOHERTY |
| WOOD GROUP PSN, INC. | MAGISTRATE JUDGE HANNA |

## **REPORT AND RECOMMENDATIONS**

Currently pending is a motion (Rec. Doc. 47), which was filed by third-party defendant Barry Graham Oil Services, LLC seeking dismissal of Wood Group PSN, Inc.'s claims against it. The motion is brought under Fed. R. Civ. P. 12(b)(6) and alleges that the amended third-party complaint (Rec. Doc. 26) fails to state a claim upon which relief may be granted. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. (Rec. Doc. 53). The motion is opposed. (Rec. Doc. 54). After the motion was filed, the plaintiff amended his complaint (Rec. Doc. 51) to assert a claim against Barry Graham and to designate his claims as admiralty claims under Fed. R. Civ. P. 9(h). Having considered the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the undersigned recommends that the motion be GRANTED.

## BACKGROUND

In his original complaint, Mr. Pontiff sued only Wood Group PSN, Inc. He alleged that on or about March 18, 2013, he was employed by Energy XXI GOM, L.L.C., and assigned by his employer to work as the A Operator on the South Timbalier 54-G platform on the Outer Continental Shelf in the Gulf of Mexico. He further alleged that, as Mr. Pontiff was being offloaded in a personnel basket from the platform to a vessel, the M/V MATT, a Wood Group employee operating the crane allegedly caused the basket to hit the deck of the vessel "with extreme force," causing Mr. Pontiff's alleged injuries.

Wood Group answered the complaint and asserted a third-party demand against Otto Candies, LLC, alleging that the accident was the result of its negligence or fault or the unseaworthiness of its vessel, M/V MATT. Wood Group then amended its third-party demand to name Barry Graham Oil Service, LLC as the third-party defendant in place of Otto Candies, LLC and to identify it as the owner of the vessel. In the amended third-party complaint, Wood Group alleged that any damages sustained by Mr. Pontiff were caused by the negligence or other fault of Barry Graham or by the unseaworthiness of the M/V MATT. Alternatively, Wood Group alleged that Barry Graham's negligence or fault constituted a contributory proximate cause of the alleged accident, entitling Wood Group to contribution or apportionment

of damages commensurate with the degree of responsibility of the various contributing parties. Wood Group also tendered its defense to Barry Graham and prayed for either full indemnification or for an apportionment of damages from Barry Graham. Wood Group further prayed that "the third party defendant be proceeded against in this action as if third party defendant had been made a principal defendant herein." (Rec. Doc. 26 at 3).

Barry Graham responded with the instant motion to dismiss Wood Group's third-party demand. After the motion was filed, the plaintiff amended his complaint to assert a claim against Barry Graham and to designate the claim as an admiralty or maritime claim under Fed. R. Civ. P. 9(h). (Rec. Doc. 51).

## ANALYSIS

A. **THE STANDARD FOR ANALYZING A RULE 12(B)(6) MOTION TO DISMISS**

A motion to dismiss for failure to state a claim, under Fed. R. Civ. P. 12(b)(6), is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1] When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto.[2] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

to the plaintiff.[3] However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[4] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6] The allegations must be sufficient "to raise a right to relief above the speculative level,"[7] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[8] "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

---

[3] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[6] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[7] *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[8] *Bell Atlantic v. Twombly,* 127 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

elements of a cause of action will not do."[9] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

## B. THE RULE 9(h) DECLARATION

Barry Graham's first argument is that Wood Group's amended third-party demand fails to state a claim upon which relief can be granted because Wood Group

---

[9] *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

[10] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[11] *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

[12] *Ashcroft v. Iqbal*, 129 S.Ct. at 1950.

[13] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009), quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556. *See also In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

is seeking the benefits of Fed. R. Civ. P. 14(c) without the case having first been designated as an admiralty claim under Fed. R. Civ. P. 9(h). The plaintiff's amended complaint contains a Rule 9(h) designation. Therefore, this argument was mooted when the plaintiff amended his complaint and designated his claims as being admiralty or maritime claims under Rule 9(h).

### C. WOOD GROUP'S CLAIM FOR INDEMNITY AND/OR CONTRIBUTION

Barry Graham's second argument is that, regardless of whether Louisiana law or general maritime law applies, Wood Group is not entitled to contribution or tort indemnity from Barry Graham, and the motion consequently fails to state a valid claim. As the plaintiff's complaint was originally drafted – without a Rule 9(h) designation – Louisiana law might have applied if the accident were found to have occurred on the Outer Continental Shelf, and general maritime law might have applied because the accident occurred at a maritime location and involved maritime activities.

Barry Graham's argument concerning the applicability of Louisiana law was mooted when the plaintiff amended his complaint and designated his claims as admiralty claims under Rule 9(h), rendering Louisiana law as against Barry Graham inapplicable. Even if there had been no such designation and Louisiana law had been applied, however, the comparative fault of all potentially liable parties would have

been determined pursuant to Louisiana Civil Code Article 2323, and Wood Group's third-party demand would not have had a valid basis.

Furthermore, now that Barry Graham has been sued by the plaintiff and the plaintiff's claims have been designated as admiralty claims under Rule 9(h), the comparative fault of the defendants will ultimately be determined by this Court, since "the Supreme Court abandoned the archaic concept of tort indemnity and replaced it with the doctrine of comparative fault."[14] Wood Group has pointed out no other basis on which a claim for contribution or indemnity against Barry Graham might conceivably be based, and Wood Group and Barry Graham both acknowledge that this Court will be called upon to decide whether Wood Group or Barry Graham is liable to the plaintiff due to its negligence or other fault. Therefore, this Court will be required to assign percentages to the comparative fault of each defendant. Wood Group's claim against Barry Graham expressly seeks to have Barry Graham's comparative fault determined, but it was filed at a point in time before the plaintiff had asserted a claim against Barry Graham. Now that the plaintiff has amended his complaint to add a direct claim against Barry Graham, Wood Group's third-party claim against Barry Graham for contribution and indemnity under the general

---

[14] *Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 833 (5th Cir. 1992), citing *United States v. Reliable Transfer Co.*, 421 U.S. 397 (1975).

maritime law has been wholly subsumed by the plaintiff's assertion of claims directly against Barry Graham.

Accordingly, the undersigned finds that the third-party demand does not assert a valid claim under Louisiana law and further finds that Wood Group's claim under the general maritime law is duplicative of claims asserted in the plaintiff's main demand. For that reason, the third-party demand is superfluous and fails to state a valid claim.

## CONCLUSION

For the foregoing reasons, it is recommended that Barry Graham's motion to dismiss Wood Group's third-party demand against it (Rec. Doc. 47), which was brought under Rule 12(b)(6) for failure to state a claim, be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 20th day of January 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE: 1/20/2015
BY: EFA
TO: RFD
cg