UNITED STATES DISTRICT COURT
WESTERN DIVISION OF LOUISIANA
LAFAYETTE DIVISION

BLAINE PONTIFF                                   CIVIL ACTION NO. 6:13-cv-02635

VERSUS                                           JUDGE DOHERTY

WOOD GROUP PSN, INC.                             MAGISTRATE JUDGE HANNA

### RULING ON MOTIONS

Currently pending is a motion (Rec. Doc. 76), which was filed by the plaintiff, Blaine Pontiff, seeking an inference of liability that is favorable to the plaintiff and adverse to defendant Barry Graham Oil Service, LLC. The motion is opposed. Oral argument was held on August 25, 2015. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

### BACKGROUND

On or about March 18, 2013, the plaintiff was employed by Energy XXI GOM, L.L.C., and assigned by his employer to work as an A Operator on the South Timbalier 54-G platform on the Outer Continental Shelf in the Gulf of Mexico. He alleged in his complaint that he was injured while being offloaded in a personnel basket from the platform to a vessel, the M/V MATT. It is alleged that an employee of defendant Wood Group PSN, Inc. was operating the crane and caused the basket

to hit the deck of the vessel "with extreme force," causing Mr. Pontiff's alleged injuries. It is also alleged that the accident resulted from the negligence or fault of Barry Graham Oil Service, LLC, the owner and operator of the vessel, M/V MATT, or from the unseaworthiness of that vessel.

## THE CONTENTIONS OF THE PARTIES

In support of his motion, the plaintiff argues that he is entitled to an adverse inference of liability against Barry Graham because Barry Graham (a) failed to record the personnel transfer on the vessel's log, (b) failed to record the accident on the vessel's log, (c) failed to conduct or document a job safety analysis ("JSA") before conducting the personnel transfer; and (d) failed to document the extent to which cargo crowded the vessel's deck at the time of the personnel transfer.

Barry Graham argues, in opposition to the motion, that there is no statutory or jurisprudential rule that would permit the adverse inference that the plaintiff seeks.

## ANALYSIS

Under certain circumstances, a sanction in the form of an adverse inference can be imposed by a federal court. "The logic supporting the adverse inference rule is that a party fails to produce evidence in its control in order to conceal adverse facts."[1] Accordingly, adverse inferences are generally sought under the rules of evidence

---

[1] *BNSF Ry. Co. v. Bhd. of Maint. of Way Employees*, 550 F.3d 418, 424 (5th Cir. 2008).

when the facts indicate that a party acted in bad faith to spoil or destroy relevant evidence[2] or when a party violated the "uncalled-witness rule."[3] "Under the spoliation doctrine, a jury may draw an adverse inference that a party who intentionally destroys important evidence in bad faith did so because the contents of those documents were unfavorable to that party."[4] The "uncalled-witness rule" applies when a party is aware of a witness possessing relevant information but chooses not to present that witness's testimony. In such a case, the fact that the witness was not produced creates the presumption that the testimony, if presented, would have been unfavorable to the party that failed to call the witness.[5] Under Fed. R. Civ. P. 37(b)(2)(A)(i), the court also has the discretionary authority to designate facts admitted as a sanction for a party's failure to comply with a court order. The Fifth Circuit has applied this rule and deemed "the *prima facie* elements of the plaintiffs' liability claim were established" as a sanction for the defendant's "flouting [of] the court's order compelling discovery."[6]

---

[2] *King v. Illinois Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003); *Vick v. Texas Employment Com'n*, 514 F.2d 734, 737 (5th Cir. 1975).

[3] *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1046 (5th Cir. 1990).

[4] *Whitt v. Stephens Cnty.*, 529 F.3d 278, 284 (5th Cir. 2008) (internal quotation marks omitted).

[5] *Herbert v. Wal-Mart*, 911 F.2d at 1046.

[6] *Chilcutt v. United States*, 4 F.3d 1313, 1319 (5th Cir. 1993).

In this case, however, the plaintiff does not allege that Barry Graham spoiled or destroyed any evidence, does not allege that Barry Graham is refusing to call witnesses with important information, and does not allege that Barry Graham failed to comply with any order of this Court.  Instead, the plaintiff is simply alleging that Barry Graham failed to note certain things on the vessel's log and failed to conduct or document a JSA.  No statutory rule, rule of evidence, or jurisprudentially-created rule has been identified that would permit an adverse inference in favor of the plaintiff and against Barry Graham for such failures, if proven. During oral argument, the plaintiff's counsel suggested that Barry Graham had intentionally – rather than negligently – omitted important information from the vessel's logs, but no evidence was presented to show that the omissions complained of resulted from intentional actions of the vessel's crew members.  To the extent that an adverse inference of liability might be warranted under this Court's inherent power, such an inference should be entered only after the presentation of testimony at trial and an opportunity for the factfinder to evaluate the credibility of the witnesses.  Accordingly, the plaintiff's motion lacks merit.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for an adverse inference against defendant Barry Graham (Rec. Doc. 76) is DENIED.

Signed at Lafayette, Louisiana, this 25th day of August 2015.

                                  _____
                                  PATRICK J. HANNA
                                  UNITED STATES MAGISTRATE JUDGE